## In re HINE–WATT MFG. CO.

### STERNBERG et al. v. SIMMONS MFG. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. June 20, 1923.)

No. 3229.

1. **Bankruptcy ☞114(1)—Receiver not appointed, unless absolutely necessary.**
    Receivers are not appointed in bankruptcy proceedings, unless absolutely necessary for the preservation of the estate, and such necessity must be established by satisfactory proof.

2. **Bankruptcy ☞114(1)—Duty to appoint receiver on proper showing is imperative.**
    Where the proper showing for the appointment of a receiver in bankruptcy proceedings is made, the duty of the court to appoint is imperative, and should not be shirked.

3. **Bankruptcy ☞114(1)—Court may consider good faith of creditors in determining whether to appoint receiver.**
    In determining the propriety of appointing a receiver in bankruptcy proceedings, the court is generally exercising a discretionary power, and it may consider the presence or absence of good faith on the part of the creditors seeking, and those opposing, the appointment.

4. **Bankruptcy ☞114(1)—Wishes of creditors and consent of bankrupt are persuasive in determining whether to appoint receiver.**
    In determining whether a receiver shall be appointed in bankruptcy proceedings, the wishes of the vast majority of the creditors, while not controlling, were entitled to weight, and the consent in writing of the bankrupt to such appointment was also persuasive.

5. **Bankruptcy ☞114(1)—Showing held to require appointment of receiver.**
    A showing that the majority of the creditors of the bankrupt desired the appointment of a receiver, and that the bankrupt had consented thereto, that sales of the stock of the bankrupt by the filling of orders which were daily coming in were to the advantage of the estate, that two creditors holding a small claim alone opposed the appointment, and had filed an answer denying the status of petitioners in bankruptcy as creditors and denying the act of bankruptcy and the right to a receiver, though

_____

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

such creditors themselves had had a receiver appointed by the state court, and were apparently more interested in protecting the fees in the state proceedings than in the amount of their claim, justifies the appointment of a receiver in the bankruptcy proceeding.

Petition to Review and Revise Certain Orders of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Hine-Watt Manufacturing Company, bankrupt. On petition by Max Sternberg and another to review and revise an order of the District Court appointing a receiver, and another order refusing to vacate the appointment, opposed by the Simmons Manufacturing Company and others. Affirmed.

Lloyd C. Whitman, of Chicago, Ill., for plaintiffs.

Gilbert F. Wagner, of Chicago, Ill., for defendants.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This petition to review and revise two orders made in the District Court in the bankruptcy proceedings, deals with an appointment of a receiver, and with an order refusing to vacate the appointment. Petitioners, holding a claim for $102 (worth but a fraction of that amount), secured the appointment of a receiver, one Jacob Goldman, in the circuit court for Cook county, Ill. Thereafter three creditors, whose claims aggregated $8,076.11, petitioned the United States District Court to adjudge the Hine-Watt Manufacturing Company a bankrupt. These creditors also asked for the appointment of a receiver, to which bankrupt consented. In this application they were supported by a large number of other creditors. A receiver was appointed.

Thereafter petitioners herein answered the petition in bankruptcy, denied the act of bankruptcy, and denied the creditor status of respondents. They also filed an answer to the creditors' petition for the appointment of a receiver and asked that the order of the court appointing one Claussen, receiver, be vacated. Upon this last application there was before the court all the foregoing facts, the proceedings in the state court, the report of creditors' committee, as well as the steps taken by the creditors to protect themselves, first, by voluntary assignment and then by bankruptcy proceedings. An order was entered continuing the receivership, but naming two receivers, instead of one.

[1] "Was the court justified in appointing a receiver?" This is the question we must review. Before referring to the facts, it may not be inappropriate to reannounce what has always been recognized as the proper rule of practice in this circuit, both by this court and by the various District Courts—that receivers are not appointed in bankruptcy proceedings unless absolutely necessary for the preservation of the estate (Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814), and such necessity must be established by satisfactory proof. They should not be appointed to perform the duties of trustees. Duplication of expenses should at all times be avoided. In other words, the appointment of a receiver should be the exception rather than the rule. Counsel for respondent fully accept this rule, insist that it is

the practice throughout the circuit, and assert that the facts in the present case make a clear case for the appointment of a receiver.

[2] The foregoing announcement would not be complete, however, if it were not also stated that where the proper showing for the appointment of a receiver is made, the duty of the court is imperative and should not be shirked.

When the receiver was appointed these facts were thoroughly established: (a) The Hine-Watt Company was hopelessly insolvent. It admitted its insolvency, and a careful report made by the creditors' committee after an audit showed unsecured debts exceeding $50,000, with assets of $25,000. Subsequent investigation made bankrupt's position less favorable. (b) Claims of the petitioning creditors in the bankruptcy application exceeded $8,000. This was denied by petitioners, but the proof was such as to leave the issue free from doubt. In addition, a large number of other creditors supported the course of the three creditors who applied for an adjudication in bankruptcy and also their application for the appointment of a receiver. One creditor who thus appeared in open court had a claim in excess of $11,000. (c) The act of bankruptcy charged was sufficient, and was satisfactorily established. This allegation was also denied by petitioners, but later (disputing their verified answer) it was admitted. These facts essential to an adjudication in bankruptcy were not denied by the bankrupt, and it also in writing consented to the appointment of a receiver in the bankruptcy proceeding.

[3] Petitioners' position was far from enviable and cannot be ignored. While the propriety of appointing a receiver should rest upon the showing made in favor thereof, it must also be recognized that the court is generally exercising a discretionary power, and it may consider the presence or absence of good faith on the part of either party, as well as the wishes of those vitally interested, in so far as such wishes are expressed. In fact, bankruptcy proceedings are for the benefit of creditors. It is really their estate that is being administered and distributed. When, as in this instance, practically all creditors (both in number and amount) ask for certain relief, the court may well inquire into the motive of one who, with an insignificant claim, unnecessarily delays proceedings and imposes large and unjustifiable cost and expense upon the estate.

These facts appear: Petitioners herein held a provable claim of $102, upon which not more than 50 per cent. could be realized. The vast majority of creditors sought a peaceful liquidation through a voluntary assignment. After plans to effect this end had been matured and partially carried out, petitioners secured, in the state court, on ex parte hearing, the appointment of a receiver, and dispossessed assignee of the assets and business of bankrupt. Had notice been given of the hearing, and the other creditors afforded an opportunity to be heard, petitioners' receiver would not have been appointed. The other creditors, with over $50,000 in provable claims, who had gone to the expense of auditing bankrupt's books and accounts, employing a sales organization to dispose of a stock in trade, and otherwise devoting much time and energy to determine what should be done, had been dispos-

sessed of the property, their plans thwarted, and their interests imperiled by a single firm, whose interest was obviously not in the small claim it held, but in the fees and costs which the proceedings and the appointment of the receiver, made possible. Under these circumstances, it was not surprising that the other creditors sought to revive their plans and to carry out their program through the only means available—the bankruptcy court.

[4] Petitioners' position was and is wholly untenable, and was marked throughout by a total absence of good faith, and their prosecution of this appeal after the receivership had been terminated and a trustee appointed cannot be justified.

But the District Court was not required to rest its decision upon the absence of good faith on the part of the petitioners herein. Support for the appointment of a receiver is abundant. The wishes of the vast majority of the creditors, while not controlling, were entitled to weight. The consent in writing of the bankrupt was also persuasive. The fact that petitioners had themselves sought and secured the appointment of a receiver in another jurisdiction made their urge that no ground for the appointment of a receiver existed somewhat incredible.

[5] In addition thereto, irrespective of the expressed preference of creditors and bankrupt, the facts called for the appointment of a receiver. An early adjudication in bankruptcy and a meeting of the creditors to elect a trustee was made impossible by the interposition of petitioners' answer, putting in issue at least two material allegations. This answer (withdrawn when the matter came up for trial) served to delay a hearing and to frustrate the plans of creditors to attain an early and satisfactory liquidation of the bankrupt's affairs. It also confirmed the belief that petitioners were more interested in continuing their receiver than in realizing on their claim.

It was essential that the assets be sold promptly and at retail prices if possible. Bankrupt's business was to deal in automobile accessories. Its trade was limited to automobile users, whom it reached largely by mailing, to selected lists of car owners, catalogues and circulars giving descriptions and prices of its stock. Shortly before making its voluntary assignment, it had printed and ready for distribution a very large number of these circulars. It had sent out to users, or was sending out, some 60,000 of them, and was daily receiving orders. It was the policy of the creditors' committee, approved by bankrupt, to continue sending out these circulars and to fill the orders out of the stock in trade, and thereby obtain a price in excess of that obtainable in case of a forced sale in bulk. To accomplish this, arrangements had been made with a sales organization, the compensation being fixed at 8 per cent. of the sales. Moreover, the bankrupt's stock was stored in a building where rents and other fixed expenses were devouring the estate and avoidance of these charges was highly desirable. Certainly, upon this showing, the court was not only amply justified in appointing the receiver, but no other course was open to it.

The decree is affirmed.